# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2013

No. 12-50755
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BORYS RAFAEL ALMENDAREZ-CHAPAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1746-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Borys Rafael Almendarez-Chapas appeals the 31-month sentence of imprisonment imposed following his guilty plea to illegal reentry following deportation. He contends that his within-guidelines sentence is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a), and, thus, it is substantively unreasonable.

We review sentences for reasonableness, employing a deferential abuse-of-discretion standard, and we presume that a sentence within a properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

calculated guidelines range is reasonable. *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008). The district court considered Almendarez-Chapas's arguments, the facts of the case, and the appropriate statutory sentencing factors and guidelines before concluding that a within-guidelines sentence was appropriate. That determination is owed deference, and Almendarez-Chapas's disagreement with the district court's assessment of those factors is insufficient to rebut the presumption that the sentence is reasonable. *See Campos-Maldonado*, 531 F.3d at 338-39. Additionally, Almendarez-Chapas's disagreement with *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), provides no basis for relief. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002) (stating that one panel of this court may not overrule the decision of another panel absent an en banc or superseding Supreme Court decision).

AFFIRMED.